IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAURIE BORDOCK**                                                                                     **PLAINTIFF**

v.                                              Case No. 4:22-cv-894-JM

**CITY OF MORRILTON;**
**CONWAY COUNTY**                                                                                **DEFENDANTS**

## ORDER

Plaintiff Laurie Bordock's motion to proceed *in forma pauperis* is GRANTED. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)). She reports living on social security income. (Doc. 1). The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2).

Ms. Bordock brings this complaint under 42 U.S.C. § 1983 against the City of Morrilton and Conway County alleging that she was falsely arrested in Morrilton, Arkansas. (Doc. 2 at 5). In a one sentence argument, she states that was accused of criminal trespass and that her four cats were seized. (*Id*.). She asks that her cats be returned and for $1 million in damages. (*Id*.).

In supplemental pleadings, Ms. Bordock expands her argument to challenge the conditions of, and her treatment in, the county jail. (Doc. 3). She next suggests that the City of Morrilton is overrun with drug dealers and thieves. (Doc. 4). Ms. Bordock adds that, when she was arrested, she was not read her *Miranda* rights. (Doc. 5). In her final pleading, Ms. Bordock asserts that she has unfairly been "thrown out" of several businesses in town and threatened by a "Morrilton cop" that she would be arrested if she came near the high school again. (Doc. 6).

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70

(2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). While *pro se* complaints must be reviewed liberally, in order to succeed on a § 1983 claim, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), Ms. Bordock must allege (1) a violation of a constitutional right, and (2) that a person acting under the color of state law committed the violation. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). She has not met these burdens.

Ms. Bordock's allegation that she was falsely arrested is conclusory and unsupported by fact. *Iqbal*, 556 U.S. at 678. Her claim for damages is also insufficiently pleaded. To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Ms. Bordock has not argued that any policy, practice, or custom was the moving force behind the alleged violations of her rights.

Ms. Bordock's conditions-of-confinement claims as well as her various allegations about her treatment by various businesses in Morrilton are factually unrelated to her false arrest claim and are dismissed. *See* FED. R. CIV. P. 21. Additionally, Ms. Bordock should not be allowed to defeat the filing fee requirements by joining multiple causes of action into one suit. *See Bailey v. Doe*, 434 F. App'x 573, 573 n.1 (8th Cir. 2011). Finally, because Ms. Bordock can bring a conversion action in state court for the return of her pets, I decline to exercise jurisdiction over that state law claim. *See Liscomb v. Boyce*, 954 F.3d 1151, 1156 (8th Cir. 2020).

IT IS THEREFORE ORDERED that:

1. Ms. Bordock's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED.

2. The Complaint (Doc. 2) is DISMISSED without prejudice.

3. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated, this 11th day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE